UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YOHANNABAL ESPINAL,

                            Plaintiff,

          -against-

CITY OF NEW YORK; DEPARTMENT OF
CORRECTIONS,

                            Defendants.

25-CV-5249 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is detained at West Facility on Rikers Island, brings this action,

*pro se*, under 42 U.S.C. § 1983, alleging that he was subjected to an unconstitutional strip search.

Named as Defendants are the City of New York and the New York City Department of

Correction ("DOC"). By order dated July 14, 2025, the Court granted Plaintiff's request to

proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth

below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of

this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are drawn from the complaint. On April 17, 2025, at West Facility, Plaintiff and an unspecified number of other detainees were escorted to a bathroom for a "strip search." (ECF 1 at 4.) A John Doe correction officer told Plaintiff to "remove all [his]

2

clothing in front of other men." (*Id.*) The officer searched each piece of Plaintiff's clothing "p[ie]ce by p[ie]ce," leaving Plaintiff naked. (*Id.*)

Plaintiff alleges that the incident left him feeling "violated" and mentally "harmed and abused." (*Id.* at 5.)

Plaintiff seeks money damages.

## DISCUSSION

The Fourth Amendment provides that people have a right "to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV. While the Supreme Court has held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell," *Hudson v. Palmer*, 468 U.S. 517, 626 (1984), and while "[t]here is a long-established principle that the routine, random strip searches of inmates, including body cavity inspections, do not violate the Fourth Amendment," *Vann v. Griffin*, No. 16-CV-9903 (VB), 2018 WL 6199860, at *4 (S.D.N.Y. Nov. 28, 2018) (quoting *Vaughn v. Strickland*, No. 12-CV-2696 (JPO), 2013 WL 3481413, at *4 (S.D.N.Y. July 11, 2013) (internal quotation marks omitted)), the Second Circuit has nonetheless held that "inmates do retain a limited right to bodily privacy under the Fourth Amendment," *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016) (reaffirming *Covino v. Patrissi*, 967 F.2d 73, 78 (2d Cir. 1992) ("[M]aintenance of prison security is not burdened unduly by the recognition that inmates do retain a limited right to bodily privacy.")).

When evaluating a prisoner or detainee's claim that an officer violated his or her limited right to bodily privacy, the "court must [first] determine whether the inmate has 'exhibit[ed] an actual, subjective expectation of bodily privacy.'" *Id.* (quoting *Covino*, 967 F.2d at 77). Second, "the court must determine 'whether the prison officials had sufficient justification to intrude on [the individual's] [F]ourth [A]mendment rights.'" *Id.* (quoting *Covino*, 967 F.2d at 78). With

3

respect to the second question, where the claim challenges an "isolated search," rather than a regulation or policy, "courts typically apply the standard set forth in *Bell v. Wolfish*, 441 U.S. 520 (1979)."[2] *Id.* at 58. *Bell* sets out a four-factor "test of reasonableness," which "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider [1] the scope of the particular intrusion, [2] the manner in which it is conducted, [3] the justification for initiating it, and [4] the place in which it is conducted." *Bell*, 441 U.S. at 559.

> The first factor – the scope of the intrusion – varies with the type of search:
>
> A "strip search," though an umbrella term[,] generally refers to an inspection of naked individuals without any scrutiny of the subject's body cavities. A "visual body cavity search" extends to visual inspection of the anal and genital areas. A "manual body cavity search" includes some degree of touching or probing of body cavities.

*Cookish v. Powell*, 945 F.2d 441, 444 n.5 (1st Cir. 1991) (internal quotations and citation omitted). A visual body cavity search is generally considered invasive. *See Harris*, 818 F.2d at 58-59.

The scope of the intrusion will also vary depending on who searches whom – e.g., whether the officer conducting the search was of the same gender as the individual being searched. *See Harris*, 818 F.3d at 59 ("[I]t is generally considered a greater invasion to have

---

[2] Notably, the Supreme Court has held that "a blanket policy of conducting visual body cavity searches on new inmates [is] constitutional, even for misdemeanor arrestees where there is no reason to suspect the arrestee would have contraband." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 160 (2d Cir. 2013) (citing *Florence v. Board of Chosen Freeholders of Burlington Cnty.*, 566 U.S. 318 (2012)). In the Second Circuit, in the absence of a prison-wide policy, a Fourth Amendment violation can still be shown "[i]f a misdemeanor arrestee entering a prison is subjected to an *ad hoc* strip search, without reasonable suspicion." *Murphy v. Hughson*, 82 F.4th 177, 186 (2d Cir. 2023). Here, Plaintiff does not appear to be alleging that the unlawful search occurred upon his intake as a new detainee.

one's naked body viewed by a member of the opposite sex.") (internal quotation marks and citation omitted).

With respect to the second factor—the manner in which the search was conducted—the Supreme Court has held that "searches must be conducted in a reasonable manner." *Bell*, 441 U.S. at 560. For example, "[a] strip search conducted in a professional manner is more reasonable than one that is not." *Harris*, 818 F.3d at 59-60.

As to the third factor—the justification for the search—"Supreme Court precedent suggests that officers must provide a justification that is supported by record evidence." *Harris*, 818 F.3d at 60. In particular, "whether an officer is searching for contraband is highly relevant to the reasonableness inquiry." *Id.*

Finally, with respect to the place where the search is conducted, "a strip search or body cavity search conducted in the presence of unnecessary spectators is less reasonable than one conducted in the presence of only those individuals needed to conduct the search." *Harris*, 818 F.3d at 62.

Here, Plaintiff does not allege sufficient facts suggesting that the strip search was unreasonable. The Court assumes for the purposes of this order that Plaintiff had a subjective expectation of bodily privacy. While Plaintiff alleges that he was strip-searched in front of other detainees —an allegation that may weigh in his favor with respect to the last *Bell* factor—he does not allege facts addressing the remaining factors. For example, Plaintiff uses the term "strip search," but he does not allege whether the search involved a visual or manual search of his body cavities. Although Plaintiff refers to the officer who conducted the search as "John Doe," he does not explicitly state that he was searched by a male officer. Plaintiff also does not allege any facts suggesting that the search was conducted in an unprofessional manner. Finally, Plaintiff does not

allege the purported justification for the search, although the Court understands that Plaintiff may not have been provided with a justification. Because Plaintiff does not allege sufficient facts to suggest that the strip search was unreasonable, he has not stated a viable claim for a violation of the Fourth Amendment.

The Court grants Plaintiff leave to file an amended complaint alleging facts suggesting that the search was unreasonable by addressing the factors set forth above.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Fourth Amendment claim under Section 1983, the Court grants Plaintiff 60 days' leave to amend his complaint to cure the deficiencies identified above.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint,"

and label the document with docket number 25-CV-5249 (LTS). An Amended Civil Rights

Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to

comply within the time allowed, and he cannot show good cause to excuse such failure, the

complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 2, 2026
          New York, New York

          /s/ Laura Taylor Swain
            LAURA TAYLOR SWAIN
        Chief United States District Judge

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

**AMENDED**

_____

_____

_____

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                Middle Initial            Last Name

_____

Street Address

_____

County, City                                State                    Zip Code

_____

Telephone Number                            Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                  Zip Code

Defendant 2:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                  Zip Code

Defendant 3:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                  Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.